[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR ADMISSIONS
This action arises out of a motor vehicle accident that occurred in the State of Florida. The plaintiff alleges she was a passenger in a vehicle driven by a Michael Aceto. The vehicle being driven was owned by the defendant Enterprise Leasing. As a result of the accident Mr. Aceto was killed and the plaintiff received serious injuries. The Florida State Police compiled an extensive report on this accident. The plaintiff has also been deposed by the defendant Enterprise Leasing.
The plaintiff has served on the defendant a request for admission numbering ten, pursuant to § 238 et seq. of the Practice Book. The requests for admission are as follows:
Pursuant to the applicable sections of the Connecticut Practice Book, the plaintiff requests that the defendants admit the following facts:
1. That on December 11, 1992, Michael Aceto was operating a vehicle owned by Enterprise Leasing Corporation on Route 91 in Fort Pierce, Florida.
2. That Jeanine Vitolo was a passenger in the vehicle being operated by Mr. Aceto and owned by Enterprise.
3. That the Aceto/Enterprise vehicle was traveling southbound on state Route 91 in the outside traffic lane in the early morning hours of December 11, 1992.
4. That the Aceto/Enterprise vehicle, while heading southbound on state Route 91 at the time referred to above crossed on to the paved shoulder and then the grass shoulder along the highway.
5. That after travelling on the shoulder, the Aceto/Enterprise vehicle became airborne and then flipped over on to its right side and then became airborne a second time and landed on its left side, then became airborne and landed on its top. The vehicle then went airborne again and landed on its CT Page 5284-GGGGGGGGG wheels. The vehicle then went airborne again landing on its top and facing westbound; finally, the vehicle went airborne a final time and landed in an upright position facing westbound.
6. Then after the Aceto/Enterprise vehicle left the travel portion of the highway, Mr. Aceto did not take any evasive action to avoid the car crashing.
7. That Michael Aceto had fallen asleep while driving the Aceto/Enterprise vehicle on state Route 91 in a time just before the vehicle left the travel portion of the highway.
8. That the crash of the Aceto/Enterprise vehicle at the time referred to above was caused by the failure of Mr. Aceto to keep the vehicle under proper and reasonable control and to pay attention to where he was going.
9. That the incident was caused by Mr. Aceto's failing to operate the motor vehicle in its proper lane on the highway.
10. That the incident was caused by Mr. Aceto's failing to stay awake while driving the motor vehicle.
Defense counsel is prepared to answer request 1 and request 2 to the extent that it admits Ms. Vitolo was a passenger in the vehicle driven by Aceto at least for a portion of the day on which the accident happened. As to the other requests the defendant makes the same response. In objecting to the plaintiff's motion to compel regarding the requests for admission, it says the only people present at the time of the accident were plaintiff and the decedent Aceto. At the plaintiff's deposition she said that at the time of the accident she was asleep. Referring to the Florida police report, the defendant contends that it is unfair to require it to admit liability solely on the basis of the police reports of officers who examined the accident scene at some time after it took place. The defendant argues that it has no way of knowing whether the opinions and conclusions of these out-of-state officers are accurate or whether the officers are qualified to give the opinions they rendered in their reports. The court will discuss the contested requests to admit.
As to the response to requests 2, it is apparent from the deposition testimony of the plaintiff that at some time before the accident Aceto was driving the defendant's vehicle, they stopped, left their vehicle, Aceto and the plaintiff re-entered CT Page 5284-HHHHHHHHH the vehicle, she fell asleep, clearly she was not driving, and the accident then occurred. It seems to the court, based on these facts and no indication there is any evidence controverting them or that could controvert them, that the defendant can admit or deny whether Aceto was driving the vehicle at the time of the accident. If the defendant claims it cannot do so, it should succinctly state why it cannot do so given the plaintiff's deposition testimony.
The other requests, 3 through 10, present more of a problem since they all inquire and seek admissions concerning facts as to how the accident actually occurred, what Aceto was doing prior to and at the time of the accident, what Aceto failed to do to avoid the crash and the manner in which he caused the accident. The plaintiff stated she was asleep at the time of these events and the only other source of information would appear to be the Florida police investigation. In other words, the defendant would not appear to have first-hand information or access to such information that could be used to comply with these requests; it or its officers have no "personal knowledge."
Practice Book § 239 states that a party "may not give lack of information or knowledge as a reason for failure to admit or deny unless he [sic] states he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." Our rule is modeled upon Rule 36 of the Federal Civil Rules. The Advisory Committee's notes to the 1970 revision of Rule 36 which has the same language on this subject as our P.B. § 239 states that the burden of reasonable inquiry is —
 ". . . in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process. It has been argued against this view that one side should not have the burden of `proving' the other side's case. The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough at hand to be `readily obtainable.' Rule 36 requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the CT Page 5284-IIIIIIIII award of costs after trial, as provided in Rule 37(c).
The problem with our rule is the fact we do not have the post-trial sanction imposed in Rule 37(c) of the federal rules.
In any event what does "reasonable inquiry" mean and when can it be said that the information necessary to admit or deny the request is not "readily obtainable."
Federal cases interpreting Rule 36 have held that it is an inadequate response to state that the requests for information involve the ascertainment of facts known only to third persons or the requests cannot be complied with because they are not within a parties personal knowledge. Hererra v. Scully, 143 FRD 545, 551
(SD N.Y., 1992); E. H. Tate Co. v. Jiffy Enterprises, 16 FRD 571,574 (E.D. Penn., 1954). But as the latter case notes the response is inadequate only "if the means of information are reasonably within" (the party's) power. Id., p. 574. A good discussion of these issues is contained in Al-Jundi v. Rockefeller, 91 FRD 590,593-594 (W.D. N.Y., 1981). At page 594 the court says: "It is well settled that mere burdensomeness is not sufficient grounds for a protective order under Rule 26(c), but the burden must beundue in light of all the circumstances. Because Rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden where the requesting parties can make the necessary inquiries without extraordinary expense or effort, i.e. consultation with the third party is `readily obtainable' in the words of Rule 36(a)."
Preliminarily let me say that it is not acceptable to oppose requests for admission for a party to argue that it is not required to prove the other side's case because that was not the intent of the rule. The intent of the rule locally and federally was to identify issues that must be tried and remove from dispute at trial issues that upon reasonable inquiry could be admitted. If that means the party making an admission to the extent of the admission, "proves" his or her opponent's case, so be it. The whole point of the rule on requests for admission is to narrow and focus the issues that must be tried.
In deciding this matter the court is operating under a disadvantage in the sense that it has not had access to the investigative reports of the Florida police. In other words, the court agrees with the defendant that it should not be required to CT Page 5284-JJJJJJJJJ accept opinions of investigating police officers as to what they conclude caused the accident in a very general sense or opinions that are in effect expert opinions based on an analysis of subordinate facts. And I believe it would be an undue expense and burden to impose an obligation on defense counsel to travel to Florida to conduct depositions of these officers or to send an investigative team to that state.
Therefore, I have some difficulty in holding that the defendant has not met its "reasonable inquiry obligation by not responding to "6, #7, #8, #9, and #10. Even if it could be surmised the accident would not have happened if Mr. Aceto had not been at fault, it would seem to require that the defendant accept untested opinion evidence to have to admit the accident happened because of one reason rather than another reason. The court has similar difficulty with request #5. As to most of the accident reconstruction contained in this request, it, of necessity, must rely upon opinion evidence of the officers as to how the accident actually happened.
But requests #3 and #4 seem to request factual admissions that could be based on photos or diagrams of the accident scene. They are directed to the travel direction of the vehicle at the time of the accident and whether the vehicle left the paved portion of the highway. Does the police file contain pictures of tire marks on the pavement or grass on the side of the highway? Do photos show on which side of the highway the car was; located when it came to rest and is there a median divider so that the vehicle could n-)t have crossed the highway? If the defendant does not question or plan to challenge photos of the accident scene, police photos showing skid marks or tire marks, or the final location of the vehicle or if it does not challenge diagrams based on such photos, then it is difficult to see why it should not answer #3 and #4 — the direction of travel prior to the accident and whether the car left the travelled portion of the highway. If it does not contest the authenticity or admissibility of these materials, but still concludes it cannot answer these requests, it should briefly state why. Also, if the defendant does plan to contest the admissibility of these items it should briefly give its reasons for doing so,[1] Such explanations seem necessary to establish that "reasonable inquiry" has been made and to determine whether or not information on which to base a response is "readily obtainable." It appears to be the federal practice under Rule 36 to require such explanations; the court in Herrera, supra, 143 FRD at pp. CT Page 5284-KKKKKKKKK 550-551, examined various requests and responses to the effect they could not be admitted or denied and discussed the representations made by counsel. Some such explanation procedure seems especially necessary in our state since we do not have a post-trial sanction procedure such as Rule 37(c). Also, such a procedure helps enforce the duty of ongoing disclosure.
Under our rules there is such an obligation. If the defendant here does plan to contest the cause of the accident and prepares its case with fact witnesses and experts with that end in mind, it should respond with admissions or denials to those requests it need not now respond to in accordance with this ruling but which it may fairly be expected to respond to as trial preparation proceeds.
Corradino, J.